# EXHIBIT 4

| | |
|---|---|
| **From:** | Mike Vadney |
| **To:** | Holm, Jonna; Laura Patterson; Adam Kotara; Travis Clifford; Steven Livingston |
| **Cc:** | Mike Vadney |
| **Subject:** | FW: Spring Mountain Winery - McLarens File No.: 001.024327.MI |
| **Date:** | Wednesday, July 14, 2021 12:22:46 PM |
| **Attachments:** | 20210712_SCAN.PDF |
| | LaPerla Winery Building 122420.pdf |
| | LaPerla House 122420.pdf |
| | Alba House 122420.pdf |
| | Alba Winery Buildings 1 & 2 122420.pdf |
| | Shop Estimate 122420.pdf |
| | White Barn Repair Estimate 122420.pdf |
| | Greenhouse Repair 122420.pdf |
| | Redbarn 122420.pdf |
| | SMV Trellis & Irrigation Est Only.pdf |
| | POLSpringmountain070821.xls |
| | R7.1 Schedule of Insurance.xlsx |

Market Members:

Yesterday, we received this email from the Insured's PA, providing an executed Proof of Loss for $35,357,883.64 and new estimates (which are dated 12/24/2020) except for the SMV Trellis and Irrigation Est Only, dated June 7, 2021. To say we were surprised was quite an understatement.

We have forwarded the bids to Young and Associates to review (we have a conference call today at 3:00) and understand the scope differences, prior agreements with Greenspan and accumulate all written, telephone discussions and prior agreements.

The reason why I am forwarding this to all of you without a formal report, is the legalese for which Mr. Larsen writes. We assume each of you will send this to your counsel for their review quickly.

In the interim, we will be preparing a comparison of what was thought to be prior agreements versus the new bids (note we have never seen any of these bids before) along with communication history to complete our next interim report, which most likely will be done by the Undersigned over the weekend. With an executed Proof of Loss, we need to respond to the Insured and PA expeditiously.

If there are any questions, please call me at 714/747-0532.

Thanks,

**Mike Vadney** | McLarens
Vice President | Senior Executive General Adjuster
mike.vadney@mclarens.com

9121 Atlanta Ave., #611
Huntington Beach, CA  92646
**+1 714.747.0532 |** cell
**+1 818.265.0277 |** office

CONFIDENTIALITY AND PRIVILEGE NOTICE: The information contained in this message and any attachments may be privileged, confidential and/or exempt from disclosure under applicable law. Any views expressed in this message and any attachments are those of the individual sender, except where the message states otherwise, and in no way binds Insurers and/or their representatives.  If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of any information contained herein or attached is strictly prohibited. If you have received this email in error, please immediately notify the sender and destroy the original transmission and its attachments, without reading them.

**From:** Tim Larsen <tim@greenspan-ai.com>
**Sent:** Tuesday, July 13, 2021 6:23 AM
**To:** Mike Vadney <mike.vadney@mclarens.com>
**Cc:** Jay Spievack <jspievack@ctswlaw.com>
**Subject:** Spring Mountain Winery
**Importance:** High

Michael,

Attached is Spring Mountain Vineyard's ("SMV") Proof and Statement of Loss.  This email also addresses your March 22, 2021 email below.

> "-----Original Message-----
> From: Mike Vadney [mailto:mike.vadney@mclarens.com]
> Sent: Monday, March 22, 2021 10:26 AM
> To: Tim Larsen <tim@greenspan-ai.com>
> Subject: RE: Spring Mountain Vineyard - McLarens File No.: 001.024327.mi
>
> Tim:
>
> Please find the attached Proof of Loss, Statement of Loss and Statement of Values for the Subject claim.  We ask you to please have an officer of the Corporation sign the Proof of Loss in the presence of a Notary Public and return to the Undersigned via email in pdf.
>
> We also advise you the Insurers' are preparing a formal response to your Building definition question along with the Unnamed locations.
>
> Thanks Time and as always, feel free to call me at 714/747-0532.
>
> This email and attachments are intended as an explanation of the handling of this claim and does not waive the rights of any party under the terms, conditions and/or provisions of the policy of Insurance or applicable law.
>
> Mike Vadney | McLarens
> Vice President | Senior Executive General Adjuster mike.vadney@mclarens.com
>
> Galleria Tower, 100 West Broadway, Suite 730 Glendale, California 91210
> +1 714.747.0532 | cell
> +1 818.265.0277 | office"

As you will see from the Statement of Loss, SMV's total loss and damage suffered due to the

September 27, 2020 fire claim totals $35,357,883.64.  Apply the insurers' advance payments and the deductible, the total amount that the insurers still owe SMV pursuant to the policies is $27,849,027.80 which is set forth in SMV's Proof of Loss.  We would appreciate if you would arrange for the carriers to each pay their total share of the amount due to SMV because its loss and damage suffered at the property within 30-days of your receipt of this email.

In your March 22 email above, you indicated that the carriers would provide a formal response to SMV's Building definition question along with the unnamed locations. However, the Insurers still have not provided any formal coverage response almost three months later which must means that insurers have agreed with SMV's coverage position that the entire claim (as set forth in the attached Proof of Loss and the earlier Proofs of Loss) is covered.  Indeed, you also indicated long ago that the insurers would provide a full coverage position, but they still have not sent their insured any such coverage letter almost nine months after this claim was made.  As you are undoubtedly aware, most insurance regulations and state law (including New York) require insurers to inform their policyholders of their coverage position in a timely fashion and their failure to do so violates both an insurer's duty of good faith and fair dealing and numerous insurance regulations.  In our view, the failure of the insurers to provide their coverage position also is unconscionable, particularly given that they have been aware of this claims magnitude for almost ten months now.

In this regard, the insurers also have not challenged SMV's position that policies cover loss and damage to the trellis and irrigation systems which totals in excess of $5.6 million.  In my February 17 email, SMV noted the policies clearly and unambiguously covered the irrigation and trellis systems because these systems are permanent fixtures of the real property as defined in the insuring agreement.  Here too, the insurers never contested this point and so have, in effect, acknowledged their payment obligations for the repair and/or replacement costs associated with these systems.

Lastly, the insurers know that policies only used the Statement of Values chart for the calculation of 2020/21 premiums and to establish the $35,565,435 blanket coverage available to pay and/or reimburse repair and replacement property damage and loss costs.  This was made clear in SMV's 2020/21 application.  Additionally, on or before July 1,2020, the broker clearly told SMV that all of the insurers had agreed to and did provide blanket coverage for any loss regardless of where it occurred on the vineyard property.  AJ Gallagher also told SMV, our firm and SMV's counsel that the insurers confirmed, after the September 27 claim was made, that they had, in fact, agreed to provide blanket property loss coverage up to the $35 million plus limit before July 1. 2020 renewal date.  In your purported Statement of Loss submitted with your March 22 email, you incorrectly equate the claim and the statement of value.  Therefore, your Statement of Loss chart does not accurately reflect that the Insurers agreed to pay the total loss up to the policies $35,565,435 limit regardless of where the damage occurred on the vineyard property.

In sum, SMV requests that the insurers each pay their total share of the amount due to SMV because of its loss and damages suffered at the property with 30-days.  We also request that the insurers or you provide us with any questions or comments within 14 days after the receipt of this email.  I have copied SMV's coverage counsel, Jay Spievack, on this email.  Please let us both know if you have any questions.

Best regards,

**Tim Larsen**
Executive General Adjuster
tim@greenspan-ai.com
800.248.3888
925.658.2944 (cell)

TGCAI

Visit us on the web at www.greenspan-ai.com

This message and any files or text attached to it are intended only for the recipients named above, and contain information that may be confidential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.

PRIVACY STATEMENT: We are required to capture and process personal information supplied to us in the fulfilment of our services. Our obligations vary depending on the jurisdiction involved. For further details as to how this information is used, kept secure and your rights, please see the relevant Privacy Statement on our website –
https://www.mclarens.com/privacy-policy/