# EXHIBIT 5



CLAIM DEPARTMENT: P.O. BOX 3961 • PEORIA, IL 61612-3961
UPS/FEDEX: 9025 N. LINDBERGH DR • PEORIA, IL 61615-1431
P 800-444-0406
F 866-692-6796
RLICORP.COM

August 5, 2021

**Via Email: tim@greenspan-ai.com & First-Class Mail**

Mr. Tim Larsen
Executive General Adjuster
The Greenspan Co.
400 Oyster Point Blvd, Suite 519
San Francisco, CA 94080
tim@greenspan-ai.com

Re:  **Insured:**  Spring Mountain Vineyard, Inc.
     **Policy No**:  ███████0029
     **Claim No:**  00489017
     **Incident Date:**  September 27, 2020

Dear Mr. Larsen:

Mt. Hawley Insurance Company ("Mt. Hawley") has received a claim from Spring Mountain Vineyard, Inc. ("SMV"), for losses sustained at 2820, 2849 and 3101 Spring Mountain Road, St. Helena, California 94574 (the "Properties") on September 27, 2020. The loss was first reported via letter dated September 30, 2020. The claim has been reported under Mt. Hawley's contract of excess property insurance with SMV, policy number ███████0029, effective July 1, 2020 to July 1, 2021 ("Policy"). The Policy provides excess commercial property coverage, pursuant to its particular written terms, conditions, definitions and exclusions and the terms, conditions, definitions, and exclusions of the applicable scheduled Underlying Insurance.

This letter confirms that Mt. Hawley has received and reviewed your July 13, 2021 email to Mike Vadney of McLarens, which attached what you have designated as a signed "Proof and Statement of Loss" identifying a claimed amount for the loss totaling $35,357,883.64. That is the first indication Mt. Hawley has received from SMV to indicate that the amount of the claimed loss would potentially implicate its excess coverage layer. This letter is neither an acceptance nor a declination of SMV's claim. However, we expressly reject any and all statements contained in these estimates submitted with the July 13, 2021 "Proof and Statement of Loss" in reference to the amount of sound value and the amount of loss, and we expressly reserve all of our rights and defenses in connection with the ascertainment as to the value and loss, if any; and we do not in any way in acknowledging the receipt of this estimate waive any of our rights and defenses under the terms and conditions of policy number ███████0029. We are writing to inform you that we will fully consider any and all information provided with respect to SMV's July 13, 2021 "Proof and Statement of Loss" and the claim, and all other documents and information SMV provides, and that which Mt. Hawley develops during its ongoing investigation, in reaching its coverage determination.

MT. HAWLEY
INSURANCE COMPANY

As you know, Mt. Hawley Insurance Company is investigating this matter with the assistance of independent adjuster McLarens. Mt. Hawley's is investigation is under a full reservation of all rights and defenses under the Policy and the law. This applies to SMV's current claim, the July 13, 2021 Proof and Statement of Loss it signed and submitted, and any revised or related claim that may be presented in the future. This letter is intended to make clear that Mt. Hawley's investigation, and all acts comprising it, are done without prejudice to any defenses or rights which Mt. Hawley may have or acquire, and is also without waiver of any term or condition of the Policy's coverage. No waiver or estoppel of any kind is intended or should any be inferred. Mt. Hawley reserves all of its rights under the Policy, the Underlying Insurance and the law, and respectfully requires SMV's full compliance with all terms and conditions of the Policy and Underlying Insurance.

Mt. Hawley understands that on September 27, 2020 SMV suffered fire and smoke damage to structures and contents, outside property, vineyards, landscaping and certain infrastructure as a results of a wildfire commonly known as the Glass Fire. Reports indicate that the Glass Fire was fully contained on October 20, 2020, with no injuries or deaths being reported.

As a preliminary matter, Mt. Hawley notes that the July 13, 2021 email prepared and sent by or on behalf of SMV states a number of positions or contentions concerning insurance coverage, the investigation to date, and the Policy, to which Mt. Hawley takes issue and cannot agree. These include any suggestion: (i) that Mt. Hawley allegedly "agreed with SMV's coverage position that the entire claim (as set forth in the attached Proof of Loss and the earlier Proofs of Loss) is covered", (ii) that "the Insurers [have] agreed to pay the total loss up to the policies $35,565,435 limit regardless of where the damage occurred on the vineyard property", (iii) that the Mt. Hawley Policy affords "blanket coverage for any loss regardless of where it occurred on the vineyard property", (iv) that "the policies clearly and unambiguously covered the irrigation and trellis systems", (v) that Mt. Hawley and all other insurers "have, in effect, acknowledged their payment obligations for the repair and/or replacement costs associated with" the irrigation and trellis systems, and (vi) that Mt. Hawley has breached SMV's insurance contract or acted unreasonably or improperly. Mt. Hawley fully reserves all rights to contest each of those assertions and all available bases. As discussed herein, Mt. Hawley's coverage investigation is ongoing and Mt. Hawley is proceeding under full reservation of all of its rights and defenses under its Policy, the Underlying Insurance and applicable law.

I.      The Mt. Hawley Excess Policy And The First Specialty Primary Policy

Mt. Hawley's Policy identifies Spring Mountain Vineyard, Inc. as the named insured and affords Excess Property Coverage (form CPR 2002 (02/14)) having a limit of liability of $10,000,000 excess of $10,000,000, the amount of Underlying Insurance, plus any deductible or self-insured retention beneath SMV's Underlying Insurance. The Underlying Insurance policy was issued by First Specialty Insurance Corporation ("First Specialty") to SMV, policy number ███████ 61 00, also effective July 1, 2020 to July 1, 2021. We understand that four insurers provided $2.5 million each to account for SMV's underlying $10 million in coverage; those were First Specialty, Lloyd's, Landmark and Kinsale. The Policy and the underlying primary policy were issued with declarations, conditions and endorsements further determining the parties' contractual obligations. Please refer to the Mt. Hawley Policy and to the underlying First Specialty policy for all terms, conditions and limitations of coverage.

MT. HAWLEY INSURANCE COMPANY

Based on Mt. Hawley's present understanding of the fire loss and claim, the relevant Mt. Hawley Policy provisions include:

**1. INSURING AGREEMENT**

In consideration of the payment of premium stated in the declarations and subject to the terms and conditions contained in our policy or endorsed hereon, we agree to insure against risks of direct physical loss or damage to covered property per the terms and conditions of the Underlying Insurance Policy listed in Item 3.B. except as excluded herein

Total Underlying insurance may be provided by a company or companies some of which may have different conditions, limitations and exclusions than the Underlying Insurance Policy. Insurance under this policy is subject to the same conditions, limitations, and exclusions (except as mentioned herein or endorsed onto this policy) as the Underlying Insurance Policy referenced below.

The risk of uncollectibility (in whole or in part) of other insurance, whether because of financial impairment or insolvency of an underlying or other insurer or for any other reason, is expressly retained by the insured and is not in any way or under any circumstances insured or assumed by us.

**2. LIMITS OF LIABILITY**

Our limit of liability in any one occurrence for loss or damage to Covered Property arising from any one loss or disaster for all coverages and locations insured in this policy combined shall not exceed $10,000,000 part of $10,000,000 excess of $10,000,000. Additionally our limit of liability is subject to separate term aggregate limits as indicated below.
…
…

**4. APPLICATION OF UNDERLYING INSURANCE POLICY**

Our policy insures against loss or damage as per the terms and conditions of the "Underlying Insurance Policy" listed in Item 3.B., except that where our provisions and stipulations are more restrictive or contrary to those of the "Underlying Insurance Policy," our policy will supersede.

**5. EXCEPTIONS TO THE UNDERLYING INSURANCE POLICY**

Our policy insures against the same perils and provides coverage in the same territory as the "Underlying Insurance Policy" listed in Item 3.B. unless specified or restricted below:

A.  Perils Insured: This policy insures against direct physical loss or damage from the following Peril(s) only. Losses from any other perils insured by the "Underlying Insurance Policy" are excluded.
    Special excluding Earthquake, Flood and Equipment Breakdown, including wildfire.
    …



**8. DEFINITION**

"Ultimate Net Loss" means the actual loss or damage sustained by you (including any Deductible or self-insured retention amount) as a direct result of the perils insured against and the coverages provided for in our policy to Covered Property hereunder arising from any one loss or disaster, after making Deductions for salvage, subrogation and recoveries from any source other than our policy and the underlying and excess insurance policies.

**9. CHANGES**

Notice to or knowledge possessed by any agent or other person will not constitute a waiver or change in any part of this policy or stop us from asserting any rights under the terms of our policy. The terms of this policy cannot be waived or changed, except by endorsement issued to form a part of this policy.

…

The Policy's Limitation of Liability Endorsement (form CPR 2126 (10/01)) provides in part:

The following special terms and conditions apply to this policy:

A. The Limit of Insurance or amount of insurance shown in the Declarations page of this policy is a limit or amount per occurrence, except for "earthquake" and "flood," if covered, where an annual aggregate applies. We will not pay more than this limit or amount in one disaster, casualty, or event, no matter how many locations are involved.

B. The premium for this policy is based on the schedule or statement of values on file with us or attached to this policy. If there is a loss under this policy, we will not pay more than the least of the following:

1. The actual adjusted amount of loss, minus the deductible(s) that applies;

2. The Limit of Insurance or amount of insurance per occurrence shown in the Declarations page of this policy or endorsed onto this policy; or

3. The stated value for the specific property involved in the loss as shown on the latest statement of values on file with us, minus the deductible(s) that applies.

The Policy's Appraisal endorsement (form CPR 2310 (04/20)) provides in part:

This endorsement replaces the Appraisal Condition in the coverage form.

**Appraisal**

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss…. The appraisers will state separately the amount of loss, including an itemized determination of (1) the actual cash value for each damaged item included in the claim, and (2) the replacement cost value, if applicable under the policy, for each damaged item included in the claim…

If there is an appraisal, we will still retain our right to deny the claim.

Under no circumstance is appraisal allowed under this policy to determine causation or the existence or non-existence of coverage. Appraisal is also not allowed where coverage for the claimed loss has been denied in its entirety. You cannot invoke appraisal after suit has been filed.

The Mt. Hawley Policy insures against risks of direct physical loss or damage to covered property according to its terms and conditions, and according to the terms and conditions of the First Specialty underlying primary policy (to the extent those are adopted by the Mt. Hawley excess policy). Based on Mt. Hawley's present understanding of the fire loss and claim, the relevant First Specialty policy provisions may include:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

A. **Coverage**
We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.,** and limited in **A.2.** Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.

a. **Building**, meaning the building or structure described in the Declarations…
…
b. **Your Business Personal Property**…

c. **Personal Property Of Others** that is:

   **(1)** In your care, custody or control; and

   **(2)** Located in or on the building or structure described in the Declarations or in the open (or in a vehicle) within 100 feet of the building or structure or within 100 feet of the premises described in the Declarations, whichever distance is greater.

…



**2. Property Not Covered**

Covered Property does not include:
…
d.  Bridges, roadways, walks, patios or other paved surfaces;
…
g.  Foundations of buildings, structures, machinery or boilers if their foundations are below:
   (1) The lowest basement floor; or
   (2) The surface of the ground, if there is no basement;

h.  Land (including land on which the property is located), water, growing crops or lawns (other than lawns which are part of a vegetated roof);
…
k.  Property that is covered under another coverage form of this or any other policy in which it is more specifically described, except for the excess of the amount due (whether you can collect on it or not) from that other insurance;
…
m.  Underground pipes, flues or drains;
…
q.  The following property while outside of buildings:
… (1)  Grain, hay, straw or other crops;
   (2)  Fences, radio or television antennas… and their lead-in wiring, masts or towers, trees, shrubs or plants (other than trees, shrubs or plants which are "stock" or are part of a vegetated roof), all except as provided in the Coverage Extensions.

**3. Covered Causes Of Loss**
   See applicable Causes Of Loss form as shown in the Declarations.

The Business Income (And Extra Expense) Coverage Form of the First Specialty primary policy provides in part:

**A. Coverage**
**1.  Business Income**
…
We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit Of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.
…
**3.  Covered Causes Of Loss, Exclusions And Limitations**
See applicable Causes Of Loss form as shown in the Declarations.



The Causes Of Loss – Special Form of the First Specialty primary policy provides in part:

**A. Covered Causes Of Loss**
When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

The Miscellaneous Unnamed Locations Coverage Extension Endorsement of the First Specialty policy provides in part:

This Policy is hereby extended to insure against loss or damage to Miscellaneous Unnamed Locations as defined below.
**Miscellaneous Unnamed Locations** - Covered Property as insured against by this Policy at any location within the Coverage Territory which is not on described premises or shown on any applicable Schedule of Locations, to the extent of your interest in.…

Miscellaneous Unnamed Locations do not include any property insured or excluded under any other item of this Policy or under any other policy issued by us to you. If such property is insured in whole or in part by other insurance, then this Policy shall apply only as excess insurance, and in no event as contributing insurance, and then only after all other insurance has been exhausted.

**Limit of Liability** - Liability for loss under this Miscellaneous Unnamed Locations Coverage Extension Endorsement, arising out of one occurrence, shall not exceed $100,000.

The Common Policy Conditions of the First Specialty policy provides in part:

**C. Examination Of Your Books And Records**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

The Commercial Property Conditions of the First Specialty policy provides in part:

**A. CONCEALMENT, MISREPRESENTATION OR FRAUD**

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this Coverage Part.

The Duties And Requirements In The Event Of Loss Or Damage Endorsement attached to the First Specialty policy places certain duties upon SMV in the event of loss or damage to covered property. Based on Mt. Hawley's present understanding of the fire loss and claim, the relevant policy duties include:

> The policy provisions regarding your duties and obligations in the event of a loss appearing anywhere in the Policy are hereby superseded by the following.
>
> **Duties and Requirements in The Event of Loss or Damage**
>
> a. You must see that the following are done in the event of loss or damage to Covered Property:
> …
> (2)  Give us prompt notice of the loss or damage and include a description of the property involved.
> …
> (5)  At our request, give us complete inventories of the destroyed, damaged and undamaged property…
>
> (6)  As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
>
> (7)  Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within sixty (60) days after our request, unless such time is extended in writing by us. We will supply you with the necessary forms…
>
> (8) Cooperate with us in the investigation or settlement of the claim.
>
> **b.** You, as often as may be reasonably required, shall:
>
> (1)  Exhibit to any person designated by us or our representative all that remains of any property herein described.
>
> (2)  Submit to examinations under oath by any person named by us, while not in the presence of any other person that might be subject to such an examination, and subscribe the same.
>
> (3)  Present and require any of your officers, directors, investors, managers, employees, public adjuster, experts, consultants, contractors or any other representative relating to the loss or damage, for examinations under oath by any person named by us, while not in the presence of any other person that might be subject to such an examination, and require they subscribe the same.
> …

(4) Produce for examination:
 (a) All books of account;
 (b) Bills, invoices and other vouchers, or certified copies thereof if originals be lost;
 (c) Estimates for the repair or replacement of the lost or damaged property;
 (d) Any and all records relating to prior ownership of the property, prior loss and damage to the property, prior insurance claims you or any other owner of the property has made in the past;

At such reasonable time and place as may be designated by us or our representative, and shall permit extracts and copies thereof to be made by us.

II. <u>Requests For Information And An Examination Under Oath</u>

More information concerning the SMV's fire loss and claim is needed before Mt. Hawley can make a coverage determination. As detailed below, Mt. Hawley seeks documentation and information concerning SMV's claim, SMV's property insurance, SMV's (or any other Insured's) ownership, lease or rental of the Properties, SMV's business operations performed at each insured location prior to the date of the fire and today, all real and business personal property that SMV (or any other Insured) claims was lost or damaged in the fire, all other losses SMV (or any other Insured) claims to have suffered as a result of the fire, and all improvements, upgrades, alterations and repairs to the Properties before and after the fire.

At this time, Mt. Hawley is requesting that SMV produce documents and other responsive information, and to submit to an examination under oath. The information being requested at this time is as follows:

1. All documents that evidence or relate to SMV's Proof and Statement of Loss submitted in support of its claim totaling $35,357,883.64.

2. All documents that evidence or concern SMV's Proof and Statement of Loss, including without limitation communications by or between SMV, The Greenspan Co., SMV's construction consultant(s), SMV's accounting consultant(s), and/or SMV's employees, officers and directors.

3. All documents that evidence or relate to the September 27, 2020 fire, including all communications concerning the fire, all photographs and videos of the subject Properties taken before, during and after the fire, and all reports concerning the fire from any source (e.g., fire department, police department, private investigator, internal reports, witness statements, and communications).

4. Documents that evidence SMV's ownership of the subject Properties and the business operations taking place at each location before and after the fire.

5. Documents that refer or relate to improvements, upgrades, alterations or repairs to any of the subject Properties before and after the fire, including all work performed, all contacts and documents related to such work, and payments made for that work.

6. All records of the irrigation and trellis systems, building machinery and other inventory at the subject Properties at the time of the fire, including evidence of your ownership of any piece of machinery or other item.

7. Grounds maps, plans and drawings for the subject Properties, including the irrigation and trellis systems, building floor plans and any equipment and inventory layout drawings at the time of the fire.

8. All document that refer or relate to the application, negotiation, placement or issuance of the Mt. Hawley Policy, including all documents that evidence your contention that the Policy affords "blanket coverage" for the fire loss as well as coverage for the irrigation and trellis systems. This would include but is not limited to any broker communications regarding the Policy or the claim.

9. All document that refer or relate to the First Specialty primary policy, including all documents that evidence your contention that First Specialty policy affords "blanket coverage" for the fire loss as well as coverage for the irrigation and trellis systems.

10. All communications between SMV and its insurance agents or brokers regarding the Properties, the Policy (including its application, negotiation, placement, issuance or modifications), the First Specialty primary policy, or the claim.

11. All communications between SMV and its property insurers, including without limitation Mt. Hawley and the underlying insurers (First Specialty, Lloyd's, Landmark, Kinsale) regarding the Properties, the Policy, the First Specialty primary policy, the Proof of Loss or the claim.

We do not know the exact relationship or ownership interest of the persons or entities covered as Insureds under the Policy with respect to each clamed damaged parcel: Spring Mountain Vineyard, Inc., "Spring Mountain Vineyard, INC.", Chateau Chevalier and Good Wine Company, A Delaware Corporation. To the extent information reasonably called for in this letter is in the possession or control of any Insured or its agents (not just SMV), we request it as well. Please provide all documents and information within 14 days, by no later than August 19, 2021.  Please contact me if more time is reasonably needed to respond to these requests or if they may be provided on a rolling basis.

As part of its investigation, and in accordance with terms and conditions of the Policy, Mt. Hawley requests that Mr. Yannias, who executed the "Proof and Statement of Loss," appear and submit for an examination under oath ("EUO") to answer questions regarding this loss and claim. We understand that he may have the most knowledge regarding this matter. If you believe there are additional officers or employees who may have information concerning the fire and SMV's claim who may not be currently known to Mt. Hawley or its representatives, we also ask for that person(s) to submit to an examination under oath. Mt. Hawley has engaged counsel, Michael D. Prough and Dean C. Burnick, in Walnut Creek, California, the office of Prough Law, APC to represent Mt. Hawley and to conduct the EUO. In reliance on a timely production of all information, we propose that Mr. Yannias' EUO proceed on September 9, 2021—at a location to be agreed upon. If this date or time is not convenient or agreeable, please feel free to contact me (or to have SMV's coverage counsel contact Mr. Prough - mdp@proughlaw.com; or Mr. Burnick - dcb@proughlaw.com concerning the logistics.

**MT. HAWLEY INSURANCE COMPANY**

Mt. Hawley reiterates that its ongoing investigation and analysis of this matter, including this letter, are subject to a complete reservation of rights. Although Mt. Hawley has discussed specific provisions from the Policy and the underlying policy in this letter, all rights are reserved including the right to rely upon any provision of the parties' written insurance contracts in response to the claim. Mt. Hawley also reserves all rights under the law and equity.

If you have any questions or concerns concerning this letter, please contact me. Otherwise, as noted above, you may also have your coverage counsel contact Mr. Prough or Mr. Burnick.

Very truly yours,

Adam Kotara
Mt. Hawley Insurance Company

cc: Mike Vadney (via email only; mike.vadney@mclarens.com)
    Ann Owen (via email only; ann.owen@risksmithuw.com)