# EXHIBIT 18

**PROUGH LAW** APC

1550 Parkside Drive, Suite 200
Walnut Creek, CA 94596
www.proughlaw.com

Michael D. Prough

Dean C. Burnick
Henry M. Su

Telephone
(925) 433-5894

Facsimile
(925) 482-0929

April 8, 2022

BY EMAIL ONLY

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave.
New York, N.Y. 10170

RE: Insured: Spring Mountain Vineyard, Inc.
Policy No: [redacted]0029
Claim No: 00489017
Incident Date: September 27, 2020

Dear Mr. Spievack:

This follows my letters dated December 2 and 22, February 1 and March 7, and Mt. Hawley's prior correspondence including its August 5, 2021 reservation of rights. We acknowledge receipt of your March 23 letter and briefly respond below on behalf of Mt. Hawley.

To the extent we understand it, your March 7 letter asks Mt. Hawley to disregard the plain language of its policy and the underlying First Specialty policy, to which Mt. Hawley follows form, in relevant part, and "to pay $3,176,009.33 to SMV for all of the resolved items identified in the Insurer's September 29 letter." (3/23 Ltr., p.2) As we have stated repeatedly, Mt. Hawley's coverage investigation is ongoing, and it will render a coverage determination once that investigation is complete. Despite SMV having filed suit against it and others in Napa County Superior Court (in contravention of the forum clause in the parties' contract), Mt. Hawley remains dedicated to completing its coverage investigation as soon as possible.

The Policy imposes duties on SMV to produce documents and persons for examination in support of what it contends to be a $35 million+ claim. We understand, however, that SMV declines to produce any documents J.S. Held has requested on its behalf because "Mt. Hawley did not request documents regarding SMV's business loss income claim" and SMV "has [already] satisfied Mt. Hawley's document requests and produced all responsive documents." (3/23 Ltr., p.3.) We disagree and renew Mt. Hawley's request for the documents and information identified in its March 7 letter.

To the extent we understand it, your letter also purports to pre-condition any further performance of SMV's obligations under the Policy, including making Mr. Yannias available for examination, on two new requirements of your creation (contained nowhere in the parties' insurance contract): (a) that Mt. Hawley must first admit that its "purported liability limitation provisions only limit [its] own respective policy liability for covered loss and damage to the amount indicated on SMV's Statement of Values"; and (ii) that Mt. Hawley's make payment of SMV's "undisputed loss and damages due to the Glass Fire within the next 30-days." (3/23 Ltr., p.2.) Mt. Hawley rejects any new pre-conditions that SMV purports to impose on Mt. Hawley. Making up new ones does not excuse SMV's breach of what actually are Policy conditions.

Mt. Hawley first requested Mr. Yannias's examination under oath on August 5, 2021, eight months ago, and has shown flexibility in timing and locations to accommodate him. Mr. Yannias signed the sworn proofs of loss, he is President of SMV, and he is a natural and reasonable individual to ask about the bases for SMV's claims. Since then, however, SMV has responded first by offering up a series of other individuals, each and all of whom have not been able to testify fully to the bases for SMV's claims; and now, by declining to offer a firm date for him while purporting to impose limitations and conditions to it going forward including as outlined above. Mt. Hawley has rejected each proposed limitation and condition. You previously advised that Mr. Yannias is available the week of May 9. The examination of Mr. Yannias will therefore proceed at **9:30 a.m. (CT) on Thursday, May 12, at the office of Esquire Deposition Solutions, 20 North Clark Street, Suite 500, Chicago, Illinois**.

Mt. Hawley's investigation of the claim is ongoing. This letter is neither an acceptance nor a declination of coverage. Mt. Hawley is investigating this matter under a full reservation of all rights and defenses under the Policy and the law. No waiver or estoppel of any kind is intended or should any be inferred.

Sincerely,

Dean C. Burnick

cc: Mt. Hawley Insurance Company (by e-mail only)
Michael D. Prough (by e-mail only)
Jordon Harriman (by e-mail only)