UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MT. HAWLEY INSURANCE COMPANY,
an Illinois Corporation,

                Plaintiff,

     -against-

SPRING MOUNTAIN VINEYARD, INC.,
a Delaware Corporation,

                Defendant.
-------------------------------------------------------------------------X

Case No.: 1:22-cv-03191-GHW

**DECLARATION OF**
**MARY SEAVOY**

      I, **Mary Seavoy**, declare:

      1.     I am the Assistant Secretary of Spring Mountain Vineyard, Inc. ("SMV'). I submit this declaration in support of defendant SMV's motion to dismiss or alternatively stay plaintiff Mt. Hawley Insurance Company's ("Mt. Hawley") declaratory judgment lawsuit in favor of SMV's earlier filed California lawsuit captioned *Spring Mountain Vineyard, Inc. v. Landmark American Ins. Co. et. al*, Case No. 22CV000270 (Napa County, California, filed March 11, 2022) (the "California State Action").[1] I am fully familiar with the facts set forth herein.

      2.     Exhibit A is a true and complete copy of my declaration filed in the California State Action on July 1, 2022, which attached Exhibits 1 and 22 (the "Seavoy California Declaration").

---

[1] The insurer defendants in the California action are Mt. Hawley, Landmark American Insurance Company ("Landmark"), Kinsale Insurance Company ("Kinsale"), Hallmark Specialty Insurance Company ("Hallmark Specialty"), Western World Insurance Company ("Western World"), and AXIS Surplus Insurance Company ("AXIS"). SMV also sued its insurance advisors and brokers, Arthur J. Gallagher & Co. ("AJG") and Dina Smith ("Smith"), for negligence, negligent misrepresentation, and breaches of fiduciary duty in relation to the procurement of property insurance coverage.

3. I attach the Seavoy California Declaration and incorporate it in full herein.

4. Exhibit 25 is a true and complete copy of two lists. The first lists third-party vendors who have performed work or provided services and/or continue to perform work or provide services to SMV for the cleanup, removal, repair, and/or replacement work done to its property due to the Glass Fire. The second lists SMV employees.

5. I am informed that Mt. Hawley contends that Risksmith Insurance Services, Inc. ("Risksmith") and Brown & Riding Insurance Services, Inc. ("Brown & Riding") were SMV's insurance brokers and, therefore, SMV's agent for the negotiation, underwriting and procurement of property insurance coverage for the policy period July 1, 2020-July 1, 2021 (the "Policy Period"). That contention is erroneous. First, neither Risksmith nor Brown & Riding were ever SMV's "broker of record" or authorized by SMV to act as its broker of record. Second, SMV only saw the names Brown & Riding and Risksmith in emails (*see, e.g.*, Exhibits 6 to 8 to my California Declaration) and thought they were insurance companies (based on AJG's emails) and not brokers. SMV did not know that Brown & Riding was an insurance broker until in or about mid-November 2020. SMV still does not know what Risksmith does or what its role is. SMV has been informed that Mt. Hawley claims that Risksmith is an insurance broker. Finally, neither SMV nor, to my knowledge, its only authorized insurance broker and agent, AJG, had any knowledge or awareness that Mt. Hawley attempted to include a purported New York forum selection clause in its second layer excess policy until *after* the Glass Fire.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge. Executed on 7-27, 2022, in Chicago, Illinois.

_____
Mary Seavoy

2