UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MT. HAWLEY INSURANCE COMPANY,
an Illinois Corporation,

                Plaintiff,

   -against-

SPRING MOUNTAIN VINEYARD, INC.,
a Delaware Corporation,

                Defendant.
-------------------------------------------------------------------------X

Case No.: 1:22-cv-03191-GHW

**DECLARATION OF**
**MARY SEAVOY**

I, **Mary Seavoy**, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Assistant Secretary of defendant Spring Mountain Vineyard, Inc. ("SMV'). I submit this declaration in support of SMV's motion to dismiss or alternatively stay plaintiff Mt. Hawley Insurance Company's ("Mt. Hawley") lawsuit in favor of SMV's earlier filed California lawsuit captioned *Spring Mountain Vineyard, Inc. v. Landmark American Ins. Co. et. al*, Case No. 22CV000270 (Napa County, California, filed March 11, 2022) (the "California State Action").[1] I am fully familiar with the facts set forth herein.

2. Exhibit A is a true and complete copy of my July 1, 2022, declaration filed in the California State Action, which attached Exhibits 1 and 22 (the "Seavoy California Declaration"), and which I incorporate in full herein, except as otherwise stated.[2]

---

[1] The insurer defendants in the California action are Mt. Hawley, Landmark American Insurance Company ("Landmark"), Kinsale Insurance Company ("Kinsale"), Hallmark Specialty Insurance Company ("Hallmark Specialty"), Western World Insurance Company ("Western World"), and AXIS Surplus Insurance Company ("AXIS"). SMV also sued its insurance advisors and brokers, Arthur J. Gallagher & Co. ("AJG") and Dina Smith ("Smith"), for negligence, negligent misrepresentation, and breaches of fiduciary duty in relation to the procurement of property insurance coverage.

[2] In the California Action, the Napa County Court granted AJG and Smith's demurrer on SMV's ninth cause of action for breach of fiduciary duty, with leave to replead. SMV filed its amended complaint, and I replaced the original complaint (which was Exhibit 1 to my California Declaration) with a true and complete copy of SMV's First Amended Complaint in the California Action.

3. Exhibit 25 consists of two lists. The first identifies third-party vendors who have performed work or provided services and/or continue to perform work or provide services to SMV for the cleanup, removal, repair, and/or replacement work due to the Glass Fire. The second lists SMV employees.

**Requiring SMV to Defend This Action**
**Is Both Duplicative and Expensive**

4. The Napa County Superior Court has determined that SMV's California Action will proceed against Mt. Hawley, the other excess insurer defendants, and AJG and Smith. I understand that Mt. Hawley will be a defendant there unless (a) the California Court of Appeals accepts its writ petition; (b) subsequently reverses the Superior Court's Order denying Mt. Hawley's motion to dismiss or stay; and (c) sets in motion a process to determine whether Mt. Hawley's now invalid forum selection clause should be enforced or not.[3]

5. I am aware that SMV's counsel has served party and non-party discovery in the California Action and some 100,000 pages have been produced to date. SMV has incurred significant attorney fees and costs prosecuting its insurance-related claims to recover approximately $28 million in unreimbursed Glass Fire-related property damage and losses.

6. Notwithstanding that the California Action will proceed apace, SMV has been forced to incur significant attorneys' fees and costs in this action. SMV has prepared two motions to dismiss or stay this action. SMV has had to prepare and serve: (i) Initial Disclosures, (ii) Document Requests on Mt. Hawley here (in addition to in the California Action), (iii) Responses to Mt. Hawley's approximately 65-document requests; and (iv) Responses to Mt. Hawley's subpoena for documents to its management company, all of which have or will

---

[3] I understand that it is highly unlikely that Mt. Hawley's efforts to evade California jurisdiction will succeed, given that the almost all interlocutory writ petitions are summarily denied.

2

duplicate discovery in the California Action. In addition, I understand that all of Mt. Hawley's claims in this action are capable of resolution in the California Action. Therefore, should this action proceed, SMV can expect to have duplicative, overlapping, and costly motion practice and discovery over a multitude of issues that will all proceed and be fully resolved in the California Action involving all the excess insurers, AJG and Smith.

**SMV's Response to Mt. Hawley's**
**Recent Factual Claim**

7. I am informed that Mt. Hawley contends that Risksmith Insurance Services, Inc. ("Risksmith") and Brown & Riding Insurance Services, Inc. ("Brown & Riding") were SMV's insurance brokers and, therefore, SMV's agents for the negotiation, underwriting and procurement of property insurance coverage for the policy period July 1, 2020 to July 1, 2021 (the "Policy Period"). That contention is erroneous.

8. Neither Risksmith nor Brown & Riding were ever SMV's "broker of record" or authorized by SMV to (a) act as its broker of record or (b) negotiate, underwrite or procure insurance on its behalf. For the 15 to 25-policy periods before and during the Policy Period, AJG was SMV's only authorized broker of record and AJG was SMV's insurance advisor and agent to procure the policies at issue, although AJG never had the power to purchase SMV's property insurance absent SMV's authorization (*see* Seavoy Cal. Decl. ¶ 17, Ex. 9).

9. Moreover, SMV only saw the names Brown & Riding and Risksmith in emails (*see, e.g.*, Exhibits 6 to 8 to my California Declaration) and I thought at that time they both were insurance companies (based on AJG's emails) and not insurance brokers until much later.[4]

I declare pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct

---

[4] I believe that the earliest SMV and I became aware that Brown & Riding was an insurance broker was when our counsel informed us of that fact in or about November 2020. SMV was not aware that Risksmith was an insurance broker until Mt. Hawley disclosed this information in the California Action.

3

to the best of my knowledge.  Executed on September 22, 2022, in Chicago, Illinois.

_____
Mary Seavoy