# EXHIBIT B

22CV000270
Napa - Civil

**STANZLER LAW GROUP**
A Professional Corporation
JORDAN S. STANZLER (54620)
jstanzler@stanzlerlawgroup.com
390 Bridge Parkway, Suite 220
Redwood City, CA 94065
Telephone:    (650) 739-0200

FILED
7/8/2022 8:22 AM
Clerk of the Napa Superior Court
By: Maricela Bahena, Deputy

**COHEN TAUBER SPIEVACK & WAGNER, P.C.**
Jay B. Spievack (*admitted pro hac vice*)
jspievack@ctswlaw.com
Jackson S. Davis (*admitted pro hac vice*)
Grace Guo (*admitted pro hac vice*)
420 Lexington Ave., Suite 2400
New York NY 10170-2499

Attorneys for Plaintiff Spring Mountain Vineyard, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF NAPA-UNLIMITED JURISDICTION

| | |
|---|---|
| SPRING MOUNTAIN VINEYARDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LANDMARK AMERICAN INSURANCE COMPANY, KINSALE INSURANCE COMPANY, MT. HAWLEY INSURANCE COMPANY, HALLMARK SPECIALTY INSURANCE COMPANY, WESTERN WORLD INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, ARTHUR J. GALLAGHER & CO., AND DINA SMITH, <br><br> Defendants. | Case No.:  22CV000270 <br><br> Action Filed:  March 11, 2022 <br> [Assigned for all purposes to the Honorable Cynthia P. Smith, Courtroom A] <br><br> **DECLARATION OF TIMQUIN LARSEN** <br><br> Date:  August 4, 2022 <br> Time:  8:30 a.m. <br> Dept.:  Courtroom A <br> Hon. Cynthia P. Smith |

I, **Timquin Larsen,** declare:

1.     I am an Executive General Adjustor at The Greenspan Company/Adjustors International ("Greenspan") and work at its office located at 400 Oyster Point Boulevard in South San Francisco,

California.  I am fully familiar with all the facts set forth herein.

2.     On October 8, 2020, Spring Mountain Vineyards, Inc. ("SMV") retained Greenspan to (a) advise and assist it in the measurement and documentation of its property damage and losses sustained at its vineyard during a wildfire that occurred on September 27, 2020 (the "Glass Fire")[1]; (b) present its Glass Fire insurance claims to its 20-21 Property Insurers (as defined herein); and (c) help SMV secure insurance proceeds to pay for its property damage and losses sustained due to the Glass Fire.[2]

3.     SMV is located at 2805 Spring Mountain Valley Road, Saint Helena, California.  SMV's property consists of 850 total acres, which includes 225 vineyard acres.  SMV is the policyholder, and the insured California vineyard property includes numerous buildings, structures, fixtures, and permanently installed equipment and machinery that were destroyed or damaged during the Glass Fire, including trellises and irrigation systems.

## I.     Greenspan's Initial Claims-Related Work for SMV

4.     I led Greenspan's team that performed SMV's claims-related work after the Glass Fire. In or about late September 2020, I asked SMV to provide me with its property policies in force for my review of coverage for its Glass-Fire property damage and losses.  SMV's Mary Seavoy informed me that the 20-21 Property Insurers had not provided SMV with its property policies.  In a telephone call, SMV's insurance broker at Arthur J. Gallagher & Co. ("AJG") told me that the 20-21 Property Insurers had not provided AJG with the applicable policies.  To the best of my knowledge, the 20-21

---

[1] In late September 2020, SMV asked Greenspan to act as its public adjustor.

[2] The Glass Fire occurred during SMV's property insurance coverage policy period July 1, 2020, to July 1, 2021 ("20-21").  SMV's 20-21 primary policy insurers were First Specialty Insurance Corporation and the Underwriters at Lloyds of London (collectively, "First Specialty").  SMV's 20-21 excess property insurers are Landmark American Insurance Company ("Landmark"), Kinsale Insurance Company (Kinsale"), Mt. Hawley Insurance Company ("Mt. Hawley"), Hallmark Specialty Insurance Company ("Hallmark Specialty"), Western World Insurance Company ("Western World"), and AXIS Surplus Insurance Company ("AXIS") (collectively, the "20-21 Excess Property Insurers").  First Specialty and the 20-21 Excess Property Insurers together are referred to herein as the "20-21 Property Insurers."

**Declaration of Timquin Larsen**

Property Insurers did not provide SMV or AJG with its 20-21 property policies until after the Glass Fire occurred.

5.     SMV informed Greenspan that AJG and AJG's Account Manager and Supervisor Dina Smith ("Smith") had assured SMV that AJG secured open blanket commercial property insurance that conformed in all material respects to its June 1, 2019, to June 1, 2020 (extended to 11:59 pm on June 30, 2020) property policy issued by an affiliate of Allianz Global Risks US Insurance Company (collectively, "Allianz").

6.     On Friday October 9, 2020, AJG provided Greenspan with the purported 20-21 Property Policies.  Smith informed both my colleague, Paul Migdal ("Migdal") and me that AJG had not performed its final policy check process to (i) verify that the purported 20-21 Property Policies sent to AJG were correct; (ii) identify any inaccuracies in the purported 20-21 Property Policies; (iii) request that the 20-21 Property Insurers correct any mistakes or inaccuracies; and (iv) issue the final 20-21 Property Policies.

7.     On October 13, 2020, SMV's claims team, consisting of Greenspan, AJG, SMV's outside counsel Cohen Tauber Spievack & Wagner, P.C. ("CTSW") and an SMV representative held a conference call to discuss SMV's immediate need to access insurance proceeds to pay for its Glass Fire-related property damage and losses.

8.     During that conference call, Smith told SMV, its outside legal counsel Jay Spievack, Greenspan's Paul Migdal, and me that AJG had not yet conducted its final policy check process. Smith said that its policy check process would confirm whether the purported 20-21 Property Policies accurately reflected the agreed to 20-21 property insurance coverage or needed to be corrected. Smith told us that AJG would perform their policy check process and inform SMV's claims team of any mistakes or inaccuracies.  Smith also stated that (i) SMV had open blanket commercial property

---

3

**Declaration of Timquin Larsen**

coverage for the 20-21 policy period; and (ii) acknowledged that on June 30, 2020, she told Mary Seavoy that SMV had open blanket property coverages that conformed in all material respects to the Allianz 2019-20 Property Policy's coverages.[3]

9.     The 20-21 Property Insurers hired McLarens Insurance ("McLarens") to adjust SMV'S Glass Fire-related claims.  McLarens requested an initial site visit to inspect SMV's property damage and losses.  On October 14, 2020, Greenspan met with McLarens at SMV's California property.  At SMV's request, I asked McLarens to request that the 20-21 Property Insurers immediately provide SMV with a $7 million advance payment against its covered property destroyed or damaged during the Glass Fire.  At the site visit, McLarens' Steve Bluemel acknowledged that the vineyard's total property damages and losses likely exceeded $20 million.  I refer to Exhibit 12, which is a true and complete copy of my October 14, 2020, email to Mr. Bluemel, on which SMV was copied.[4]

10.     From October 2020 until September 29, 2021, SMV asked the 20-21 Property Insurers to make advance payments to it against its covered property destroyed or damaged by the Glass Fire. SMV sought to maximize coverage while it waited for the 20-21 Property Insurers to complete their respective coverage investigations, and Greenspan was primarily responsible for pushing McLarens to request that the 20-21 Property Insurers issue advanced payments.[5]

11.     From October 2020 until the present, SMV has maintained that: (i) it has

---

[3] Blanket property coverage ensured coverage for loss to any covered property up to the aggregate policy limit, without reference to the specific covered property damaged or any individual building or structure values listed on SMV's Statement of Values.  During the October 13 conference call, SMV's claims team was instructed not to speak to the 20-21 Property Insurers or their representatives about mistakes and corrections to the purported 20-21 Property Policies until we internally discussed any errors.

[4] I informed the claims examiner that SMV's property damage and losses could exceed $30 million. Exhibit 23 is a true and complete copy of my email exchanges with the fourth-layer excess property insurer's (AXIS) claim representative.

[5] First Specialty did not dispute coverage and paid $5 million to SMV for Glass Fire damages, which exhausted the primary policy's aggregate limit.  Greenspan thereafter urged McLarens to have Landmark and Kinsale make advance payments to SMV while they continued to investigate the losses and coverage.

**Declaration of Timquin Larsen**

approximately $35.6 million in open blanket commercial property coverage that conformed in almost all material respects to the Allianz 2019-20 Property Policy; and (ii) the purported 20-21 Property Policies are not enforceable contracts because they do not reflect the promised property coverage that SMV accepted for the 20-21 policy period.  Since the Glass Fire occurred, SMV has informed the 20-21 Property Insurers and McLarens that they are obligated to pay SMV for all property damage and losses at its covered property up to the $35,565,435 aggregate limit.   I personally told this to Steve Bluemel and his colleague Mike Vadney.

12.    SMV has also disputed that the purported 20-21 Property Policies (including the 20-21 Excess Property Policies) are the enforceable insurance contracts, and has reserved its rights to investigate and prove that (i) the 20-21 Property Insurers sold SMV property insurance coverage that conformed in almost all material respect to the Allianz 2019-20 Property Policy; and (ii) SMV is entitled to that coverage to pay for its property damage and losses sustained due to the Glass Fire at issue here (*see, e.g.,* Exhibits 19 & 21).

## II.    SMV's Attempt to Confirm Its 20-21 Property Insurance Coverage

13.    SMV's claims team held conference calls to discuss coverage for its Glass Fire-related claims on October 20 and October 27, 2020.  During those calls, Smith reported that AJG's policy check process was delayed due to internal issues, and they had no idea when AJG's policy check process would be completed.  As a result, SMV responded that it would formally request all of AJG's underwriting files and documents related to the 20-21 property insurance coverage to expedite SMV's property insurance coverage review.[6]

---

[6] During our initial October 13 conference call, SMV felt that its claims team had to quickly contact the 20-21 Property Insurers to address any mistakes or inaccuracies in the purported 20-21 Property Policies to ensure that they corrected all mistakes and inaccuracies and issued final 20-21 Property Policies.  We never anticipated that (a) AJG's policy check process would be delayed; or (b) AJG would not timely respond to SMV's requests.

**Declaration of Timquin Larsen**

14.     In her November 9, 2020, email, Smith indicated that AJG was providing all AJG underwriting files and documents requested to SMV, CTSW and Greenspan except for the policy check process documents on an internal rush had been request.  On November 10, AJG provided me with the Accord Commercial Property Application that AJG submitted to Brown & Riding Insurance Services, Inc. ("Brown & Riding") on SMV's behalf.  That application requested open blanket property insurance coverage for the 20-21 policy period.  A true and complete copy of Smith's November 9, 2020, email is attached as Exhibit 24.

15.     I review all of the underwriting files that AJG had delivered.  AJG's files showed that SMV apparently had secured approximately $35.6 million in open blanket commercial property coverage that should have conformed to its 2019-20 Allianz Property Policy.  AJG's files did not contain any documents that indicated that the 20-21 Property Insurers had not provided such open blanket property coverage.

16.     I informed CTSW of my conclusions, and we decided that SMV (together with CTSW and Greenspan) would work with AJG and Smith to have the 20-21 Property Insurers correct the errors in the purported 20-21 Property Policies.[7]

17.     On November 24, 2020, we were shocked to learn that AJG, through Smith, had been discussing SMV's coverage position with the 20-21 Property Insurers and Brown & Riding (*see* Exhibit 14).  SMV repeatedly requested that no one on its claims team independently speak to the 20-21 Property Insurers or their representatives until AJG completed its policy check process and informed the claims team about the policy check process results.  The SMV claims team repeatedly

---

[7] In connection with this Declaration, I have been shown Exhibit 9 to Dean Burnick's Declaration, which is a Property Insurance Quotation that First Specialty purportedly issued to Brown & Riding for SMV on June 25, 2020, and which expired on July 1, 2020.  In AJG's alleged complete underwriting files provided to me on October 9-10, 2020, I did not see this First Specialty Property Insurance Quotation, or any 20-21 Excess Property Insurers' Property Insurance Quotation dated on or before June 30, 2020.  I do not know if Brown & Riding provided AJG or Smith with First Specialty's Property Insurance Quotation on or before June 30, 2020.

had been directed that it needed to fully understand the 20-21 property insurance coverage in force before SMV contacted the 20-21 Property Insurers about correcting mistakes in the purported 20-21 Property Policies and issuing the final 20-21 Property Policies.[8]

18.    In an email later that day, SMV instructed AJG to "inform the carriers and wholesale brokers that that the insurance binders and the proposed policies or policy forms currently under review at AJG do not accurately reflect the blanket coverage that the carriers agreed to provide SMV."  SMV also told Smith to inform the 20-21 Property Insurers and Brown & Riding that "SMV and [AJG] request that the carriers provide the 2020-21 policies with the blanket coverage and terms and conditions agreed to as reflected in both the insured's 20-21 application and the insurers' response thereto during the policies' underwriting."  I refer to Exhibit 14, which consists of true and complete copies of the November 24, 2020, emails.

19.    Despite SMV's repeated requests, neither AJG nor Smith individually informed SMV that AJG told the 20-21 Property Insurers that SMV concluded that the purported 20-21 Property Policies did not reflect the property coverage promised to SMV.  They also never informed SMV: (i) whether AJG completed its policy check process and identified all mistakes in the purported 20-21 Property Policies' policy terms and conditions; and (ii) whether they contacted the 20-21 Property Insurers or their representatives to request that they correct all such mistakes and issue corrected final 20-21 Property Polices.

20.    As of today, SMV and Greenspan do not know whether AJG performed or completed

---

[8] AJG informed SMV, Greenspan and CTSW that Brown & Riding said that open blanket property coverage was unavailable in the insurance marketplace in 2020.  I informed SMV's claims team that Brown & Riding's statement was untrue.  Greenspan represented several policyholders who had secured open blanket property insurance coverage in calendar year 2020, both before and after SMV's coverage commenced on July 1, 2020.

**Declaration of Timquin Larsen**

any of the above-referenced items before SMV terminated AJG on April 9, 2021.[9]

### III.   SMV's Proof of Loss

21.   From October 2020 through November 2021, Greenspan developed the detailed analysis of the costs to restore and reconstruct SMV's covered property damaged or destroyed due to the Glass Fire.  Greenspan's worked involved, among other things: (i) visits to SMV's property to assess its Glass Fire-related property damages and losses; (ii) analysis of information and documents to quantify SMV's Glass Fire-related losses; (iii) calls and emails with SMV's claims team concerning coverage issues ; (iv) calls, emails and site visits and inspections with McLarens and 20-21 Excess Property Insurers' representatives to discuss losses and  insurance claims; and (iv) preparation of SMV's statements and/or proofs of loss submitted to the 20-21 Property Insurers.[10]

22.   Greenspan has arranged and attended 12 to 14 visits to SMV's California property that McLarens requested to obtain information about SMV's operations, property damage and losses.[11]

### IV.   The Glass Fire Claim-Related Work Took Place Predominately in California

23.   Virtual all of the Glass Fire-related property damage and loss assessment and insurance claim work took place in California.  The individuals involved mostly live and work in California.

24.   At Greenspan, the individuals on our SMV property claims team all work in our

---

[9] In or about mid-December 2020, I was informed that despite their November 9 and 10 representations to the contrary, neither AJG nor Smith provided all of AJG's underwriting files relevant to the placement, underwritings, negotiations, and issuance of the 20-21 property insurance coverage.  SMV has, among other things, informed the 20-21 Property Insurers that its investigation as to the 20-21 property coverage in force is ongoing (*see, e.g.*, Exhibits 19 & 21).

[10] Greenspan informed McLarens of SMV's coverage position and shared its preliminary analysis with McLarens before it submitted its July 13, 2021, Sworn Statement and Partial Proof of Loss (*see* Exhibit 16).  Greenspan periodically updated its coverage position and revised its Sworn Statement and Partial Proof of Loss, particularly after the 20-21 Excess Property Insurers detailed their "covered property" and "limitation on liability" positions (*see* Exhibits 1 (at Ex. 1), 17, 20).

[11] On at least one occasion, Mt. Hawley's lawyers attended a site visit with McLarens.  At Mt. Hawley's request, I also appeared at a 1-day examination under oath to discuss SMV's property damage, losses and insurance claim and the worked performed by Greenspan in relation to the same.

---

**Declaration of Timquin Larsen**

California offices and reside in California.  Greenspan's property damage team included (i) Property Damage Estimator JD Franco; (ii) Inventory Specialist Jenny Schultz; (iii) General Counsel Paul Migdal; and (iv) me.  JD Franco was principally responsible for developing Greenspan's detailed analysis concerning SMV's property damaged or destroyed during the Glass Fire.  Mr. Franco helped me finalize our analysis and present SMV's Statements and Proofs of Loss to the 20-21 Excess Property Insurers and McLarens.  Ms. Schultz assisted Mr. Franco and performed work in relation to SMV's personal property claims.  Paul Migdal and I are both coverage lawyers by training and background and we periodically discussed coverage issues relevant to SMV's Glass-Fire related claims.

25.     We principally interacted with SMV's (i) President Don Yannias; (ii) Assistant Secretary Mary Seavoy; (iii) former Chief Financial Officer Jim Meredith; (iv) Director of Vineyard Operation, Ron Rosenbrand; and (iv) Chief Winemaker Barrett Anderson.  Mr. Yannias and Ms. Seavoy live and work in Chicago, Illinois.  Messrs. Rosenbrand and Anderson work at SMV and live near the vineyard.  Mr. Meredith recently retired, but still lives near the vineyard.[12]  Each of the individuals provided us with documents and information about SMV's (a) vineyard property, its buildings, structures, and operations; and (b) Glass Fire-related property damages and losses , and its insurance.

26.     Prior to its termination in April 2021, Greenspan also interacted with AJG.   We principally interacted with Smith, Client Services Supervisor/Commercial Insurance Jamie Yaudes, and Area Executive Vice President Management Liability or Vice President Corporate Claims

---

[12] Brad Saunders replaced Mr. Meredith as SMV's Chief Financial Officer.  In his role, Mr. Saunders now: (i) recommends critical repairs to management (Mr. Yannias and Ms. Seavoy) and helps them decide on critical repairs to maintain the vineyard's operations; (ii) helps solicit bids for goods and services to repair property damaged by the Glass Fire; (iii) purchases and pays for those goods and services; and (iv) maintains records about Glass Fire-repairs performed and/or that SMV hopes to perform in the future.

**Declaration of Timquin Larsen**

Counsel Linda Pierce.  From our discussions and correspondence, I learned Ms. Smith works in AJG's San Francisco and Lafayette California offices and resides in California.  Ms. Yaudes works in AJG's Lafayette California office

27.    Greenspan also interacted with McLarens, the 20-21 Property Insurers' independent insurance adjuster.  Steve Bluemel originally headed McLarens' claims team and Mike Vadney replaced him in November 2020.  Mr. Vadney is a Vice President and Senior Executive General Adjustor in McLarens' Huntington Beach, California office.  Mr. Bluemel was a National General Adjustor in McLarens' Glendale, California office until November 2020.

28.    McLarens also worked with JS Held LLC's Max Fynn and Young & Associates ("Young") Brig Spurck and Paul Christoferson on adjusting SMV's Glass Fire claims.  According to his email, Mr. Flynn works in JS Held's Alpharetta, Georgia office.  From their website, Mr. Spurck appears to work in Young's  Kansas City, Missouri and Dallas, Texas offices, and Mr. Christoferson works at its San Francisco and Sacramento, California offices.

29.    In Greenspan's role as SMV's public adjustor, the 20-21 Excess Property Insurers provided us with its reservation of rights letters and claim correspondence.  Exhibits 13 is Kinsale's Claim Examiner Laura Patterson's October 21, 2020, reservation of rights letter, which was forward to me via email on October 30, 2020.  Exhibit 15 is Landmark's AVP Property Claims Jonna Holm's March 24, 2021, reservation of rights letter.  Mt. Hawley's Claim Department Adam Kotara's August 5, 2021, reservation of rights letter is attached as Exhibit 8 to his May 19, 2020, Declaration.  Exhibit 23 includes AXIS' AVP Claims Consultant Property Chip Dickerson's October 19, 2020, email.

**Declaration of Timquin Larsen**

1    I declare under penalty of perjury under the laws of the State of California that the foregoing

2 statements are true and correct.  Executed on June 24, 2022 in South San Francisco, California.

3

4                                          Timquin Larsen

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

11

**Declaration of Timquin Larsen**

# EXHIBIT 23

**From:** Tim Larsen <tim@greenspan-ai.com>
**Sent:** Monday, October 19, 2020 12:44 PM
**To:** Dickerson, Chip <chip.dickerson@axiscapital.com>; jim@springmtn.com
**Cc:** Steve Bluemel <steve.bluemel@Mclarens.com>; Paul Migdal <paul@greenspan-ai.com>; mary@bimi.com
**Subject:** RE: 09/27/20 | Notice for Spring Mountain Vineyard, Inc.; Good Wine Co, a Delaware Corporation; Chateau Chevalier | Multiple Policies

Mr. Dickerson,

Thank you for your correspondence below.

At this point we believe the closing of your file is premature. It is our opinion, as we continue to adjust this claim and explore the coverages afforded by the layers, there is a possibility that your layer could be impacted.

Please note the insured reserves any and all rights that it has under the policy, and the law concerning this claim. Nothing in this e-mail or during our discussions/communications should be construed as a waiver of those rights.

Thank you,

**Tim Larsen**
Executive General Adjuster
tim@greenspan-ai.com
800.248.3888
925.658.2944 (cell)

 

Visit us on the web at www.greenspan-ai.com

This message and any files or text attached to it are intended only for the recipients named above, and contain information that may be confidential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.

**From:** Dickerson, Chip [mailto:chip.dickerson@axiscapital.com]
**Sent:** Monday, October 19, 2020 7:03 AM
**To:** jim@springmtn.com
**Cc:** Steve Bluemel <steve.bluemel@Mclarens.com>; Tim Larsen <tim@greenspan-ai.com>
**Subject:** DOL: 09/27/20 | Notice for Spring Mountain Vineyard, Inc.; Good Wine Co, a Delaware Corporation; Chateau Chevalier | Multiple Policies

Mr. Meredith,

AXIS Surplus Insurance Company was notified of your claim for Wildfire Damage, The Glass Fire.

Our claim number is ATL 184821 and Steve Bluemel of McLarens was assigned the loss.

1

AXIS Surplus Insurance Company has Excess Participation with a $5,565,435 limit excess of the $30,000,000 in underlying insurance.

It is our understanding the damage is below our attachment at $30,000,000 and will be handled within the underlying layers of insurance.

Based on the amount of estimated damage, we are closing our file.  Should this later change we can reopen our file.

Please let us know if you have any questions or comments.

Thank You
Chip Dickerson

**Chip Dickerson**
AVP Claims Consultant Property

chip.dickerson@axiscapital.com
**D:** +1 678 746 9566
**F:**  +1 678 746 9315



10000 Avalon Boulevard
Suite 200
Alpharetta, GA 30009
axiscapital.com

*Rated "A+" by Standard & Poor's and
"A" by A.M. Best for Financial Strength*



**At AXIS, we routinely collect and use personal information about individuals, including insured persons, claimants or business partners. We take our responsibilities to handle your personal data with care very seriously and protecting the privacy of your personal data is of great importance to us. In this Privacy Notice, we want you to understand when, why and how we collect and use personal information about you, your rights regarding this information, the conditions under which we may disclose it to others and how we keep it secure.**

You may obtain, upon request, copies of claim-related documents.  "Claim-related documents" means all documents that relate to the evaluation of damages, including, but not limited to, repair and replacement estimates and bids, appraisals, scopes of loss, drawings, plans, reports, third-party findings on the amount of loss, covered damages, and cost of repairs, and all other valuation, measurement, and loss adjustment calculations of the amount of loss, covered damage, and cost of repairs.  However, attorney work product and attorney-client privileged documents, and documents that indicate fraud by the insured or that contain medically privileged information, are excluded from the documents an insurer is required to provide.

In addition to Section 790.03 of the Insurance Code, the Fair Claims Settlement Practices Regulations govern how insurance claims must be processed in this state.  These regulations are available at the Department of Insurance internet site, www.insurance.ca.gov, or by calling the department's consumer information line at 1-800-927-HELP(4357).  You may also obtain a copy of these regulations free of charge from this insurer.

California law requires that we advise you that if you have objections to AXIS' handling of a claim or disagreements with the coverage afforded by the policy, you may contact the California Department of Insurance at the following location:

California Department of Insurance
Claims Service Bureau, 11th Floor
300 South Spring Street, CA 90013
(800) 927-4357

# EXHIBIT 24

| | |
|---|---|
| **From:** | Dina Smith <Dina_Smith@AJG.com> |
| **Sent:** | Monday, November 9, 2020 7:50 PM |
| **To:** | 'Mary Seavoy'; Jamie Yaudes |
| **Cc:** | Jay Spievack; Tim Larsen; paul@greenspan-ai.com; Don Yannias |
| **Subject:** | RE: Conference call tomorrow |

**Importance:**          High

Hi Mary.  My sincere apologies for not rescheduling; it was an overwhelming week and embarrassed to share that I missed your email with the request!  That said, I have created a sharefile with documents requested.  The link is below.  I will share that the final policy checking process is still in process but it is on a RUSH request.  All other documentation should be included in this file.  I do plan to be on the call tomorrow as scheduled and know I and Gallagher want nothing more than to make sure Spring Mountain Vineyard maximizes the claim settlement due as well.  We are working on your behalf at our end too and while I know it has taken time to gather this information hopefully we are on track to provide what is needed.

https://ajg.sharefile.com/d-s88817597a8f6448

> *At Gallagher we are fortunate to remain open through remote work*
> *capabilities and are able to respond to our client needs.  Please*
> *know we are here and wish everyone to stay healthy and safe during*
> *this unprecedented time.*

**Dina Campana Smith, CIC, CPRM**
Managing Director | Private Client Services

 **Gallagher**

Insurance | Risk Management | Consulting

direct:  925.627.8225 or 707.244.3450 | mobile: 415.658.1370
dina_smith@ajg.com
www.ajg.com

For information to prepare businesses and employees for pandemic outbreaks, including COVID-19, visit the **Gallagher Pandemic Website:** https://www.ajg.com/us/pandemic-preparedness/

Arthur J Gallagher Risk Management Services, Inc.
Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.
CA License # 0726293

1160 Battery Street, Suite 360, San Francisco, CA 94111

1

SMV 02224



Please Note: Insurance coverage cannot be bound or altered until confirmation is received from a Gallagher representative.

Communications concerning this matter, including this email and any attachments, are provided for purposes of insurance/risk management consulting. Opinions and advice provided by Arthur J. Gallagher & Co. is not intended to be, and should not be construed to be, legal advice. Please direct any request for legal advice to your attorney.

This message may contain confidential information. If you are not the addressee or authorized to receive this for the addressee, you should not use, copy, disclose, or take any action based on this message or any information herein. If you have received this message in error, please advise the sender immediately by reply e-mail and delete this message. Thank you for your cooperation.

**From:** Mary Seavoy <mary@bimi.com>
**Sent:** Monday, November 9, 2020 12:48 PM
**To:** Dina Smith <Dina_Smith@AJG.com>; Jamie Yaudes <Jamie_Yaudes@AJG.com>
**Cc:** Jay Spievack <jspievack@ctswlaw.com>; Tim Larsen <tim@greenspan-ai.com>; paul@greenspan-ai.com; Don Yannias <don@bimi.com>
**Subject:** Conference call tomorrow

[EXTERNAL]

Dina,
??
I hope this email finds you well.
??
As you know, you did not reschedule our weekly Tuesday conference call for either Thursday and Friday last week, and we still do not have any of the SMV???s documents (including ESI) that we requested several weeks ago.?? ??I also have not heard from you in response to my November 3 email.
??
Please note that our weekly conference call is tomorrow and we expect at least Jamie and you to attend for AJG.?? Additionally, we would like to get the documents that SMV requested **today** if possible or, at very least, discuss tomorrow why we have not received them and when AJG might provide them to us.?? As you undoubtedly can appreciate, SMV sustained significant losses and has a very large claim.?? It is imperative that we get our documentation and work with AJG and Greenspan to effectively maximize our insurance proceeds from our carriers to cover our fire-related losses.?? We are falling behind because we have not had access to the final policies and relevant underwriting files, and we must know what is going on your end.?? Thank you for your anticipated cooperation in these matters and we look forward to speak to you tomorrow.
??
Best regards,
??
Mary

2

SMV 02225

**From:** Jay Spievack
**Sent:** Wednesday, November 11, 2020 5:42 PM
**To:** Dina Smith <Dina_Smith@AJG.com>; 'Mary Seavoy' <mary@bimi.com>; Jamie Yaudes <Jamie_Yaudes@AJG.com>
**Cc:** Tim Larsen <tim@greenspan-ai.com>; paul@greenspan-ai.com; Don Yannias <don@bimi.com>
**Subject:** Follow Up Call or Zoom Requested

Hi Dina,

I hope this email finds you well.

First, thank you for your guidance during yesterday's call. As a reminder, Greenspan and CTSW would like to set up a conference call or Zoom meeting with Jamie, AJG's legal team working on this matter and you. Let's talk about the underwriting issues and AJG's ongoing policy review process as soon as possible. We want to make sure that SMV's policies and coverages ultimately reflect SMV's and AJG's understanding of coverage purchased.

Please let us know when we can hold this meeting. In the meantime, please call me at 917-497-7348 if you have any questions.

Best regards,
Jay

1

Jay B. Spievack

# C | T | S | W

Cohen Tauber Spievack & Wagner P.C.
*Partners in Your Strategic Vision*
420 Lexington Ave., Suite 2400
New York NY 10170-2499
Direct: (212) 381-8735
Fax: (212) 586-5095
Email: jspievack@ctswlaw.com
www.ctswlaw.com

This communication, including any attachments, is intended solely for the confidential use of the person(s) named above. If you have received this communication in error, please notify the sender immediately and delete/destroy the original. Any reader other than the intended recipient is hereby notified that any review, dissemination, distribution or copying of this message is strictly prohibited.

**From:** Dina Smith <Dina_Smith@AJG.com>
**Sent:** Monday, November 09, 2020 7:50 PM
**To:** 'Mary Seavoy' <mary@bimi.com>; Jamie Yaudes <Jamie_Yaudes@AJG.com>
**Cc:** Jay Spievack <jspievack@ctswlaw.com>; Tim Larsen <tim@greenspan-ai.com>; paul@greenspan-ai.com; Don Yannias <don@bimi.com>
**Subject:** RE: Conference call tomorrow
**Importance:** High

Hi Mary.  My sincere apologies for not rescheduling; it was an overwhelming week and embarrassed to share that I missed your email with the request!  That said, I have created a sharefile with documents requested.  The link is below.  I will share that the final policy checking process is still in process but it is on a RUSH request.  All other documentation should be included in this file.  I do plan to be on the call tomorrow as scheduled and know I and Gallagher want nothing more than to make sure Spring Mountain Vineyard maximizes the claim settlement due as well.   We are working on your behalf at our end too and while I know it has taken time to gather this information hopefully we are on track to provide what is needed.

https://ajg.sharefile.com/d-s88817597a8f6448

> *At Gallagher we are fortunate to remain open through remote work capabilities and are able to respond to our client needs.  Please know we are here and wish everyone to stay healthy and safe during this unprecedented time.*

**Dina Campana Smith, CIC, CPRM**
Managing Director | Private Client Services

 Gallagher

Insurance | Risk Management | Consulting

direct:  925.627.8225 or 707.244.3450 | mobile: 415.658.1370
dina_smith@ajg.com

2

www.ajg.com

For information to prepare businesses and employees for pandemic outbreaks, including COVID-19, visit the **Gallagher Pandemic Website**: https://www.ajg.com/us/pandemic-preparedness/

Arthur J Gallagher Risk Management Services, Inc.
Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.
CA License # 0726293

1160 Battery Street, Suite 360, San Francisco, CA 94111



Please Note: Insurance coverage cannot be bound or altered until confirmation is received from a Gallagher representative.

Communications concerning this matter, including this email and any attachments, are provided for purposes of insurance/risk management consulting. Opinions and advice provided by Arthur J. Gallagher & Co. is not intended to be, and should not be construed to be, legal advice. Please direct any request for legal advice to your attorney.

This message may contain confidential information. If you are not the addressee or authorized to receive this for the addressee, you should not use, copy, disclose, or take any action based on this message or any information herein. If you have received this message in error, please advise the sender immediately by reply e-mail and delete this message. Thank you for your cooperation.

**From:** Mary Seavoy <mary@bimi.com>
**Sent:** Monday, November 9, 2020 12:48 PM
**To:** Dina Smith <Dina_Smith@AJG.com>; Jamie Yaudes <Jamie_Yaudes@AJG.com>
**Cc:** Jay Spievack <jspievack@ctswlaw.com>; Tim Larsen <tim@greenspan-ai.com>; paul@greenspan-ai.com; Don Yannias <don@bimi.com>
**Subject:** Conference call tomorrow

[EXTERNAL]

Dina,
??
I hope this email finds you well.
??
As you know, you did not reschedule our weekly Tuesday conference call for either Thursday and Friday last week, and we still do not have any of the SMV???s documents (including ESI) that we requested several weeks ago.?? ??I also have not heard from you in response to my November 3 email.
??
Please note that our weekly conference call is tomorrow and we expect at least Jamie and you to attend for AJG.?? Additionally, we would like to get the documents that SMV requested **today** if possible or, at very least, discuss tomorrow why we have not received them and when AJG might provide them to us.?? As you undoubtedly can appreciate, SMV sustained significant losses and has a very large claim.?? It is imperative that we get our documentation and work with AJG and Greenspan to effectively maximize our insurance proceeds from our carriers to cover our fire-related losses.?? We are falling behind because we have not had access to the final policies and relevant underwriting files, and we must know what is going on your end.?? Thank you for your anticipated cooperation in these matters and we look forward to speak to you tomorrow.
??
Best regards,
??

3