# PROUGH LAW APC

Michael D. Prough

Dean C. Burnick
Henry M. Su

1550 Parkside Drive, Suite 200
Walnut Creek, CA  94596
www.proughlaw.com

Telephone
(925) 433-5894

Facsimile
(925) 482-0929

September 26, 2022

**VIA ECF**

The Honorable Gregory H. Woods
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 12C
New York, New York 10007

> RE: *Mt. Hawley Insurance Company v. Spring Mountain Vineyard, Inc.*
> 1:22-cv-03191-GHW; Request for Extension for Discovery (Docket #51)

Dear Your Honor:

Plaintiff Mt. Hawley Insurance Company writes to request a one-month extension to respond to Spring Mountain Vineyard's ("SMV") motion to dismiss (Dkt. #51) – from October 14, 2022 to November 14, 2022. Although styled a Rule 12 motion, SMV's Motion to Dismiss is backed by three dense, lengthy declarations (43 pages of testimony), and 51 exhibits (many compound) approaching 1,000 pages. While that heft, alone, may present a challenge to respond to in 21-days, the juxtapose is stark (and relief necessitated) by the fact that SMV and its agents have slow-played discovery and subpoena-responses for the life of this case—three-plus months and counting—and thus may deprive Mt. Hawley of the ability to test fully its fact contentions.

Specifically: (1) SMV has not produced a single document in discovery, and also dodged interrogatories (by referring to its documents); (2) SMV's jointly-represented property manager, Boker Investment Management, Inc. (BIMI)—who procured SMV's insurance for it and who jointly employs Mary Seavoy (22 pages of declarations and 24 exhibits)—refused to produce subpoenaed documents or appear for a noticed custodian of records deposition in June, and has since strung along its promises of production in the near-but-indefinite future—without actually producing a single page; and (3) Arthur J. Gallagher Co., SMV's insurance agent and one of the key witnesses in the case, slow-played its document production from a June subpoena (finally dumping most of its 40,000 pages in a jumbled production in late August), while also refusing to appear for its subpoenaed/noticed oral deposition in August, and refusing to make its witness(es) available for deposition until November 7 & 8, 2022. Of course, any deposition of SMV and BIMI is also delayed and frustrated by their failure to produce documents needed to prepare.

The Honorable Gregory H. Woods
September 26, 2022
Page 2

Discovery has been stalled by SMV and its agents for over 90 days already—more than half of the Court-scheduled discovery period—and counting.

SMV cannot rightly play keep-away with its discovery, while submitting an evidence-intensive motion. Likewise, BIMI, so closely connected to SMV that they share key employees (like Ms. Seavoy) and outside counsel, has apparently been too busy to produce its subpoenaed documents for the last 100 days—yet Ms. Seavoy submits lengthy, detailed declarations with dozens of exhibits. (Dkt. Nos. 52, 29.) Finally, AJG's slow-play of its document production permitted SMV to make an inaccurate record to the Napa County court: by suggesting it was not aware that Mt. Hawley's excess policy would follow form to First Specialty's primary policy—a position flatly disproven in writing (*e.g.*, AJG-Smith 36240 ("The rest of the markets will follow the SwissRe lead form")), when AJG finally produced its documents. Now, with AJG's live deposition testimony slow-played out to November 7-8, we face the prospect of opposing SMV's arguments in this action again, on an incomplete and misleading record. For it is plain that the more the true facts come out from AJG, the more SMV's positions will crumble.

Extending Mt. Hawley's time to respond to the motion not only comports with due process and fundamental fairness, but should hopefully obviate the need for a Rule 37 motion (to preclude all evidence not disclosed) or a Rule 56(d) declaration (re the need for discovery), when Mt. Hawley does oppose the motion. As for Rule 37, not only have the SMV and BIMI documents (including those identified in SMV's initial disclosures) not been produced in discovery, but notably, SMV did not disclose Jay Spievack as a testifying witness (and has objected to Mt. Hawley's doing so)—but then submitted an argumentative, substantive 10-page declaration by him. (Dkt. # 54).

As for Rule 56(d), SMV's Rule 12(b)(6) motion plainly refers to substantial evidence outside the pleadings and thus can only be considered, if at all, as a Rule 56 motion. (FRCP 12(d)). Likewise, its newly-rediscovered *Colorado River* motion (dropped after the pre-hearing conference on June 27), necessarily fails in light of the forum-selection clause (as Mt. Hawley advised at Dkt. #22). *FaZe Clan, Inc. v. Tenney*, 407 F.Supp.3d 440, 442 (S.D.N.Y. 2019). Which means the motion is necessarily premised on a finding that the forum clause (or the Policy itself) is not in force – a potentially dispositive, merits issue affecting Mt. Hawley's claims for relief, including its first (breach of contract) and fifth (declaratory judgment re contract formation or, alternatively, for rescission). Where an alleged jurisdictional issue dovetails into the determination of a merits question affecting one or more claims for relief, it should be decided at summary judgment or trial—not at the threshold as a Rule 12(b)(1) motion. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 87 (2d Cir. 2013) (motion properly converted where "jurisdictional dispute is interwoven with the underlying merits"); *citing Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997) (recognizing "well-recognized exception" whereby Rule 12(b)(1) motion must be converted, where "the jurisdictional question is intertwined with the merits of the plaintiff's case").

SMV's 28 U.S.C. § 2201(a) discretionary jurisdiction ("*Brillhart*") argument likewise necessarily fails if Mt. Hawley's breach of contract damages and/or rescission claim survives—for those claims exist independently at the common law without regard to the DJA—and thus are

The Honorable Gregory H. Woods
September 26, 2022
Page 3

unaffected by its discretionary jurisdiction provisions. (See Dkt. #47.) *Kancifer v. Suffolk County SPCA, Inc.*, 722 F.3d 88, 93-94 (2d Cir. 2013) (damages claim); *First State Insurance Co. v. Callan Assoc.*, 113 F.3d 161, 163 (9th Cir. 1997) (rescission claim). Those remedies existed long before and regardless of Congress's enactment of the DJA. They give rise to non-discretionary jurisdiction. Thus, as with the *Colorado River* motion, SMV's so-called "*Brillhart*" motion also requires, as a predicate, a merits determination affecting Mt. Hawley's first and fifth claims for relief. Again, issues of contract formation and validity intertwine all aspects of the motion.

      SMV cannot dispute its and its agents' failure to make discovery, or that the present motion is heavily reliant upon evidence (43 pages of testimony and 51 exhibits). Mt. Hawley anticipates SMV may point to the fact that, pre-litigation in the claim process, it provided selected documents and EUO testimony for Mt. Hawley. But that is no substitute for full, FRCP-compliant, enforceable discovery, with a log of withheld documents, and sworn deposition testimony of SMV, BIMI and AJG witnesses (as well as Mr. Spievack if necessary). Indeed, Ms. Seavoy knew and recalled very little at her EUO, only to become a font of knowledge in her court-filed declarations. Mt. Hawley deserves an opportunity to question her again, with the benefit of complete document discovery and her regained memories. SMV may also point out that its litigation counsel's computer system was hacked in August, making discovery difficult. But that only explains (some of) the last month of delay; and both SMV and BIMI are businesses that maintained their records independently (not at a law firm). Still, SMV has had no trouble putting together lengthy court filings with voluminous documents. It cannot raise the hacking issue only to justify not doing something it does not want to do. What is not fair is to force Mt. Hawley to respond to an evidence-based motion, while delaying and withholding discovery that would permit Mt. Hawley to fairly challenge SMV's facts.

      Mt. Hawley requests that the Court grant it a one month extension, to November 14, 2022, to respond to SMV's motion. SMV has not consented or refused to consent to this request, when asked, due to the unavailability of Mr. Spievack today and tomorrow. Mt. Hawley does not believe this extension should affect the other case dates, at this time. In fact, one likely outcome is that the present motion gets rolled into the summary judgment motions next spring. Of course, the length of this extension is premised on SMV and BIMI promptly producing their documents and witnesses, and AJG actually appearing, properly prepared, on November 7 & 8 and testifying without obstruction. Mt. Hawley must reserve the right to request further extension(s), if necessary, in the event that the relevant discovery continues to be delayed or withheld.

                                                    Respectfully Submitted

                                                    *s/Michael D. Prough*

                                                    Michael D. Prough

cc: All Counsel via ECF