# PROUGH LAW APC

1550 Parkside Drive, Suite 200
Walnut Creek, CA 94596

Michael D. Prough
Dean C. Burnick
Yas-Banoo Omidi

Tel: 925-433-5894
Fax: 925-482-0929

June 7, 2024

**VIA ECF**

The Honorable Gary Stein
United States Magistrate Judge
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 9A
New York, New York 10007

RE: *Mt. Hawley Insurance Company v. Spring Mountain Vineyard, Inc.*
1:22-cv-03191-GHW; Joint Statement for June 11 Hearing (Dkt. #67)

Dear Your Honor:

Pursuant to the Court's Video Status Conference Order dated May 31, 2024 (Dkt. #67), Plaintiff Mt. Hawley Insurance Company hereby submits the parties' joint status letter. Counsel for defendant Spring Mountain Vineyards, Inc. ("SMV") has authorized his joint signature on this letter.

Plaintiff Mt. Hawley's Statement:

This case was automatically stayed by defendant's ("SMV") bankruptcy filing on September 30, 2022. The bankruptcy case has since been dismissed, terminating the stay. No Plan was proposed by SMV or anyone else or entered by the bankruptcy court. No discharge of any creditors' claims occurred. Essentially, SMV used the bankruptcy case to effect a transfer of all of its assets to its secured lender (MGG), then did nothing further and allowed the case to be dismissed. Thus, SMV continues to exist as a corporate entity, and Mt. Hawley's claims against SMV are unimpaired and may now proceed as if the bankruptcy were never filed.

At the time this case was stayed, the discovery cutoff was less than three months away (12-16-22), the expert discovery cutoff was five months out (2/24/23), and dispositive motions were to be filed (3/27/23) and a status conference was to be held (3/15/23) within approximately six months. Generally, presumptively, it would be reasonable to reset the same case schedule now.

However, Mt. Hawley believes that at least some dispositive motions on threshold, perhaps case-determinative, issues can be briefed promptly, without necessarily waiting six months. During the passage of time while the bankruptcy stay was in effect, SMV's affirmative claims against Mt. Hawley (and other parties) in state court in California were prosecuted in the name of SMV

The Hon. Gary Stein
June 7, 2024
Page 2

(pressed by MGG or the special purpose entity it formed ("DNAW") to take ownership of SMV's assets including that lawsuit). Thus, depositions have occurred, attended by both counsel for Mt. Hawley and counsel for SMV, and those depositions generally may be used "to the same extent as if taken in" this action. Fed.R.Civ.P. 32(a)(8).

Accordingly, Mt. Hawley submits that this action is well situated for substantive motions under the federal summary judgment and partial summary judgment standards (per Fed.R.Civ.P. 56). Likewise, there may be potential merit to briefing threshold questions going to choice of law and the interpretation of key Policy provisions. Early rulings could substantially limit and define any remaining issues, and may well have the practical effect of ending the case.

SMV may argue that this case should be stayed once again, permitting the California state court in Napa County to adjudicate the dispute. Mt. Hawley disagrees. The Policy has a valid, enforceable forum selection clause (actually, two separate clauses) mandating that any action by SMV against Mt. Hawley under the Policy shall proceed in New York, as well as choice of law clauses selecting New York law. *See* Dkt. #42-1 at 22 (excess policy forum selection clause and choice of law clause in favor of New York); Dkt. #42-3 at 13 (primary policy forum selection clause and choice of law clause in favor of New York, to which Mt. Hawley Policy follows form). District Courts in New York have repeatedly given force and effect to such clauses, including recent decisions in this District enforcing Mt. Hawley's provisions. To defer to a case filed in another state, in violation of those clear contractual mandates, is not warranted.

Indeed, SMV's filing and prosecution of its lawsuit against Mt. Hawley in California is itself a breach of contract by SMV, for which Mt. Hawley has sued for damages in this action. Moreover, SMV's suit against Mt. Hawley in California is limited to declaratory relief, yet that case also involves multiple other parties and claims that do not implicate Mt. Hawley—for example, SMV's breach of contract and bad faith claims against the underlying insurers (who have not exhausted their policy limits), and broker negligence claims against SMV's insurance brokers. It is wasteful, inefficient, and contrary to the express terms of the Policy for Mt. Hawley to be subjected to the burden and expense of SMV's sprawling, multi-party litigation in California state court. This dispute between Mt. Hawley and SMV can and should be more quickly and efficiently resolved in the present action in New York, under New York law.

Spring Mountain's Statement

There is a preliminary issue of subject matter jurisdiction that must be resolved before any action continues in this Court. In the bankruptcy, after MGG acquired all of SMV's assets, including all right, title, and interest to the policies and claims at issue in this case, it assigned all of those rights to DNAW SPV CA Vineyard, LLC ("DNAW"). As the owner of the policies and claims at issue here, DNAW is an indispensable party, given that the declaratory judgment claims in the complaint here (that deal with interpretation of policy provisions and whether Mt. Hawley's policy covers the damages sought by DNAW's predecessor in interest in the California Action) bear upon DNAW's substantive rights. The DNAW LLC membership consists of several Illinois entities. Mt. Hawley is an Illinois entity. Accordingly, DNAW's appearance in the case will eliminate diversity, and thus divest this Court of federal subject matter jurisdiction. SMV's

The Hon. Gary Stein
June 7, 2024
Page 3

position, therefore, is that discovery should not proceed here, and other substantive motions should be held in abeyance, pending decision on the fundamental subject matter jurisdiction issue.

The second preliminary issue is whether this case should be dismissed or stayed pending the earlier filed and more comprehensive California case. Defendant had moved for such relief prior to the bankruptcy, and that motion was taken off calendar. Defendant's position is that the motion should be reinstated, and the parties be given the opportunity to submit additional briefs given the activity in the California action since the motion was first filed and that threshold issue be decided before any other matters, other than the subject matter jurisdiction issue addressed in the prior paragraph, are adjudicated.

Mt. Hawley raised the forum selection clause in the California action, and the court found that clause invalid and unenforceable. Interlocutory appeals of that ruling to the California Appellate Court and the California Supreme Court were denied. Moreover, the defendant moved for summary adjudication in the California court on several issues that, if granted, will trigger Mt. Hawley's obligations under the policy and applicable law and in all events should narrow the scope of the case and make it ready for trial in some 6-8 months.  Finally, eleven party and non-party depositions have been taken in the California action and as stated the case is ready for summary adjudication. Thus, litigation in the California court, advanced as it is, will be the most efficient and effective forum for resolution of the coverage dispute between and among the parties. For those and other reasons, defendant respectfully asserts that the jurisdiction issue, and issue of whether this case should be dismissed or stayed in favor of the California action, should be adjudicated before other issues are presented to this Court.


Respectfully Submitted,

*/s/ Michael D. Prough*                                          */s/ Stephen Wagner*

Michael D. Prough                                                Stephen Wagner
Attorney for Mt. Hawley Insurance Company        Attorney for Spring Mountain Vineyards


cc: All Counsel via ECF